## EBENEZER LOBDELL *versus* INHABITANTS OF NEW BEDFORD.

Where an action is brought on a statute to recover double damages, the jury are to assess single damages, and the Court double them. What is reasonable notice to the inhabitants of a town of a defect in a bridge or highway.

THIS was an action of the case brought by the plaintiff for an injury done to his horse in falling through a defective bridge in *New Bedford,* (which the inhabitants thereof were by law bound to keep in repair,) to recover double damages, as provided by the statute of March 5, 1787, (*stat.* 1786, *c.* 81.)

The defendants pleaded not guilty.

The declaration stated that the injury happened by the slipping of one of the fore-feet of the horse into a hole in the bridge, by which the horse was flung down, wounded, bruised, and otherwise injured. The evidence was, that one of the *hind-feet* of the horse slipped through the hole in the bridge, by which the injury was occasioned.

The counsel for the defendants insisted that this evidence did not support the declaration; that although it was not necessary for the plaintiff to state which foot of the horse slipped through the bridge, yet having done it, he must prove his allegation.

*Thomas,* for the plaintiff, moved to amend on the common rule, which was granted by the Court. (*a*)

(*a*) Quære of the necessity of this amendment; vide 4 *Term Rep.* 58, *Drewry* vs. *Twiss & Al.*, and the case there cited.

LOBDELL *vs.* NEW BEDFORD.

[ * 154 ]      * In this case, the principal question was, what should
                 be considered as reasonable notice to the *inhabitants* of
the defect in the bridge.

   *Parsons*, for the defendants, conceded that if the action had been
brought at common law, for the recovery of single damages only,
then undoubtedly the defendants would be liable, (1) because in
such case *towns* are, at their peril, to take care that the highways
and bridges within their limits are in repair ; but he contended that,
as this action is brought to recover a penalty, the plaintiff must
bring his case strictly within the statute, and that the rule which
says all penal statutes are to be construed strictly, applies to this
case ; that the question is, whether the inhabitants had had reason-
able notice.   What is reasonable notice, within the meaning of the
statute, he did not undertake to say, as he had never been concern-
ed in a cause in which that point had been settled by the Court ;
but he should suppose that either the surveyor, or some principal
inhabitant, should have been notified of the defect—in one word,
notice similar to that which the law requires in the service of a writ
in an action against a *town*.   He contended that, from the evidence
in this case, it was probable the defect in the bridge was occasioned
at the very time of the injury complained of, by the plaintiff's horse
breaking through the earth which covered that part of the bridge ;
that the defect did not before exist, and, therefore, that the defendants
could not, from the nature of the case, have had *any* notice of the
defect, and, of course, that they could not be answerable in an
action upon the statute, although they might have been at common
law.   He insisted that the statute supposes an *existing* defect ; that
the inhabitants had reasonable notice of it ; and injury sustained in
consequence of such defect, in order to support an action against a
              *town* for the penalty, that is, for double damages.

[ * 155 ]      * B. *Whitman*, for the plaintiff, in reply.   If the de-
                 fendants are liable at common law, they are also liable
on the statute, unless the words *reasonable notice*, used in the
statute, make a difference.   Then what is intended by reasonable
notice ?   Nothing more than that the defect should be visible, of
which the inhabitants are bound to take notice.   If it were a secret
defect, perhaps the case would be different ; but if it be a defect
which *may* be known from its being open and visible, the law will
presume notice, reasonable notice, although in point of fact not a
single individual inhabitant had *actual* notice of the defect.   But it
has been proved, in the present case, that some of the inhabitants

   (1) But it has since been decided that no such action would lie, and that the only
remedy is under the statute for double damages, vol. ix. p. 247, *Mouer* vs. *The Inhab-
itants of Leicester.*

had *actual* notice of the defect; and if any one inhabitant has such notice, it is sufficient. It would be his duty to give notice to the proper organs of the *town*. The law does not undertake to *define* what is reasonable notice. It is left to a reasonable construction by the Court. If actual notice is required by the statute, shall it be to one, ten, a hundred, or one half or more of the inhabititants of the town? At what point will the Court stop?

SEDGWICK, J., who charged the jury, directed them, if they found for the plaintiff, to assess single damages. As to the question respecting reasonable notice, he said that he did not think that, for *every* defect, an action on the statute could be maintained; such as sudden defects by floods, &c. But as to open and visible defects, and such as could be prevented by common and ordinary diligence, *towns* are, by law, bound to take notice and guard against; and this he said was the opinion of the whole Court.

The jury found a verdict for the plaintiff—$38 damages. The Court ordered judgment to be entered for 76 dollars damages, being double the amount found by the jury.

* (*Strong, Sedgwick, Sewall,* and *Thacher,* justices, [ * **156** ] present.)

*Thomas* and *B. Whitman* for the plaintiff.

*Parsons* and *Paddelford* for the defendants.